IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHN CALON<br>    PLAINTIFF,<br><br>Vs.<br><br>BANK OF AMERICA CORPORATION<br>BANK OF AMERICA CORPORATION N.A.<br>MR. BANK OF AMERICA CORPORATION<br>MR. BRIAN MOYNIIHAN<br>    Defendants, | )<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)  **DEMAND FOR JURY TRIAL**<br>)<br>) |

### CIVIL COMPLAINT FOR THEFT, FRAUD, EXTORTION, DISCRIMINATION AND BREECH OF CONTRACT

### INTRODUCTION

1. This is a civil action for theft, fraud, extortion, discrimination and breech of contract by Plaintiff John Calon against Defendant Bank of America Corporation ("Bank of America" or "BAC"), Bank of America N.A. ("BANA"), Mr. Bank of America Corporation (Mr. BAC) and Brian Moynihan (CEO of Bank of America) ("which acquired and are the successor to Countrywide Financial Corporation ("Countrywide Financial" or "CFC") and Countrywide Home Loans, Inc. ("Countrywide Home Loans" or "CHL") (collectively referred to herein as "Countrywide"), to recover damages arising from a scheme to defraud the Plaintiff in connection with his Countrywide loan. Plaintiff since the inception of the loan has made all payments to Countrywide and Bank of America on time. This action seeks to recover from defendants, money stolen from Plaintiff's private escrow account by defendants as part of a scheme to defraud Plaintiff by forcing him to purchase redlined lender insurance policies on the property, insurance policies, that it turns out, never existed, interest overcharges, phony fees for services never performed or authorized by Plaintiff, unauthorized withdrawals from plaintiff's escrow account, breach of contract for failure to honor Plaintiff's rights concerning Countrywide's Easy Rate Interest Rate Reduction program, failure of defendants to provide Plaintiff with federally required informational notices, failure of defendants to properly manage Plaintiff's fiduciary escrow affairs, by not paying Plaintiff's insurance on time and getting it canceled, racial, religious, origin and disability discriminatory behavior exhibited toward Plaintiff, extorting Plaintiff by threatening him with foreclosure, that his house would be burnt down, should he try to take legal action against defendants or otherwise exercise his rights under the law. Plaintiff seeks damages under 28 U.S. Code § 1332 - Diversity of citizenship, Federal Equal Credit Opportunity Act (15 U.S.C. §§ 1691, *et seq.*), 18 U.S. Code Chapter 31 § 656 - Theft, embezzlement,

or misapplication by bank officer or employee, Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), 18 U.S. Code § 1014 - Loan and credit applications generally, 18 U.S. Code Chapter 41 - Extortion and Threats, 15 U.S. Code § 1638 - Transactions other than under an open end credit plan, TITLE VIII - Debt Collection Practices (Fair Debt Collection Practices Act), 15 U.S.C. § 1638 (Dodd Frank Act § 1461), 12 U.S.C. § 2605 (Dodd-Frank Act § 1463), 12 U.S. Code Chapter 27 - Real Estate Settlement Procedures, 12 U.S.C. 1454(a)(2)) Federal Home Loan Mortgage Corporation Act, 42 U.S. Code Chapter 21B - Religious Freedom Restoration Act, 18 U.S. Code § 241 - Conspiracy against rights and any other federal statute that would apply to Plaintiff's predicament.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S. Code § 1332 - Diversity of citizenship, (15 U.S.C. §§ 1691, *et seq.*) Federal Equal Credit Opportunity Act, 18 U.S. Code Chapter 31 § 656 - Theft, embezzlement, or misapplication by bank officer or employee, Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), 18 U.S. Code § 1014 - Loan and credit applications generally, 18 U.S. Code Chapter 41 - Extortion and Threats, 15 U.S. Code § 1638 - Transactions other than under an open end credit plan, TITLE VIII - Debt Collection Practices (Fair Debt Collection Practices Act), 15 U.S.C. § 1638 (Dodd Frank Act § 1461), 12 U.S.C. § 2605 (Dodd-Frank Act § 1463), 12 U.S. Code Chapter 27 - Real Estate Settlement Procedures, 12 U.S.C. 1454(a)(2)) Federal Home Loan Mortgage Corporation Act, 42 U.S. Code Chapter 21B - Religious Freedom Restoration Act,18 U.S. Code § 241 - Conspiracy against rights.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(l) and (c) because the defendants transact business in this judicial district, including by originating loans and collecting payment for loans located in this district.

## PARTIES AND RELEVANT ENTITIES

4. Plaintiff is John Calon, 13851 W. 63rd St. #255, Shawnee, KS 66216

5. Defendant Bank of America ("BAC"), 100 N Tryon St., Charlotte, NC 28255 is a Delaware corporation with its principal place of business in Charlotte, North Carolina and offices and branches in Kansas City, Missouri. Countrywide Financial was finally merged with Bank of America on July 1, 2008. As explained more fully below, Bank of America became successor-in-interest to Countrywide and has thus assumed liability for the conduct of Countrywide alleged herein.

6. Defendant Bank of America N.A. ("BANA"), 100 N Tryon St., Charlotte, NC 28255, is a federally chartered bank and Bank of America's principal banking subsidiary. BANA has substantial business operations and offices in Kansas City, Missouri. BANA participated in Bank of America's acquisition of substantially all of Countrywide Financial through a series of transactions that commenced on July 1, 2008. Together with Bank of America, it is a successor-in-interest to Countrywide.

7. Defendants Bank of America Corporation and Defendant Bank of America N.A. its employees, board members and its agents are herein referred to as BAC.

8. Defendant Mr. Bank of America Corporation ("Mr. BAC"), 100 N Tryon St., Charlotte, NC 28255, is a federally recognized person and is the sole owner of Bank of America Corporation and all of its assets. Mr. BAC has substantial business operations and offices in Charlotte, North Carolina. Mr. BAC is the beneficiary of Bank of America's acquisition of substantially all of Countrywide Financial through a series of transactions that commenced on July 1, 2008. Together with Bank of America, is a successor-in-interest to Countrywide. Defendant Mr. Bank of America Corporation, herein referred to as Mr. BAC.

9. Defendant Brian Moynihan ("Moynihan"), 100 N Tryon St., Charlotte, NC 28255, is a lawyer, businessman and the Chairman and CEO of Bank of America. He also joined the Board of Directors, following his promotion to President and CEO. Brian Moynihan is the CEO of a federally chartered bank doing business as Bank of America and is principally involved in the banking industry. Moynihan operates substantial business operations and offices in Charlotte, North Carolina. Moynihan participated in Bank of America's acquisition of substantially all of Countrywide Financial through a series of transactions that commenced in early 2008. Defendant Mr. Brian Moynihan, herein referred to as Moynihan.

## STATEMENT OF CLAIM

10. Plaintiff Since January of 2008 has been the repeated victim of repeated thefts through fraudulent acts, extortion and discrimination by defendants BAC, Mr. BAC and Moynihan and others. Defendants BAC, Mr. BAC, Moynihan and others have engaged in a conspiracy to deny Plaintiff his rights under the contract and both federal and state statutes.

11. Plaintiff in October of 2001 obtained a equity loan through Countrywide Home Loans. Plaintiff bought, as part of the loan package, a product, called the Easy Rate Interest Rate Reduction Plan. Plaintiff, in mid-December of 2007, notified Countrywide that he was going to exercise his rights under the Easy Rate Interest Rate Reduction program. The Easy Rate Interest Rate Reduction

program would have lowered plaintiff's interest from 7.625% to approximately 5.25%, depending on which day the reduction would take effect. Plaintiff was also to pay a fee of approximately $350.00 (three-hundred and fifty dollars), that was to be paid from his escrow account. Countrywide started the process to lower the interest rate when in January 2008 Defendants BAC, Mr. BAC and Moynihan, struck a deal to take over Countrywide, and plaintiff was informed by Countrywide/BAC in early January that his Easy Rate Interest Rate Reduction application was still in process. In August of 2008, in violation of the terms of the contract, defendants nullified Plaintiff's rights under the Easy Rate Interest Rate Reduction program, claiming to Plaintiff, that because of some secret government arrangement and new federal law, that defendants no longer had to honor Easy Rate Interest Rate Reduction and have since refused to honor this part of plaintiff's loan agreement. Plaintiff has on numerous occasions attempted to resolve the matters, now in front of this court, and contacted Defendants BAC, Mr. BAC and Moynihan others in attempt to enforce the terms of the contract. In repeated communications with defendants, when Plaintiff communicated his intent of legal action over BAC's refusal to honor the Easy Rate Interest Rate Reduction program, Plaintiff was threatened/extorted by defendants BAC and Mr. BAC that the loan would be accelerated and put into foreclosure, and would ruin plaintiff's credit, should Plaintiff take the issue to court, to extort Plaintiff 's silence in the matter. Plaintiff reasonably feared reprisal from all Defendants.

12. Plaintiff, when he obtained the original loan from Countrywide, also set up a separate escrow account to pay the insurance and taxes. The loan was a Conventional NON-FHA and under the contract's terms Plaintiff was, under "no obligation", to provide for or set up an escrow account. Plaintiff voluntarily, as a convenience to himself, set up an escrow account to pay the insurance and taxes, with the clear understanding that even though Countrywide would do the set up and administer the escrow account (make payments at Plaintiff's discretion), Plaintiff is/was the controller of the escrow account. Countrywide always respected this contractual arrangement and twice a year Plaintiff would go to the local Countrywide office and would sign authorizations for Countrywide to deduct for the insurance and the tax payments and authorized Countrywide to make the payments by check. Beginning in October of 2008, after Countrywide's takeover by Defendants BAC, Mr. BAC and Moynihan, without the Plaintiff's authorization, began automatically making payouts from the escrow account without Plaintiff's authorization. Plaintiff since November of 2008 has tried repeatedly to close this account, defendants have refused. Defendants BAC and Mr. BAC have repeatedly informed Plaintiff that because of a secret government agreement and new federal law, they could take over customers escrow accounts and force people to pay escrow. In repeated communications with defendants, when Plaintiff spoke of legal action over BAC's unauthorized

withdrawals, Plaintiff was threatened/extorted by defendants BAC and Mr. BAC that the loan would be accelerated and put into foreclosure, and would ruin plaintiff's credit, should Plaintiff quit making payments to escrow account or take the issue to court, to extort Plaintiff 's silence in the matter. Plaintiff reasonably feared reprisal from all Defendants.

   13. Defendants BAC and Mr. BAC, after taking over the assets of Countrywide Home Loans, from 2008 through 2012, repeatedly failed to pay Plaintiff's insurance on time, forcing, Plaintiff to go through the reupping process with his preferred insurance provider repeatedly. In 2012 Plaintiff's insurance company, canceled his policy, for non timely payment and later refused to, further provide insurance to Plaintiff. Defendants BAC, Mr. BAC and Moynihan withheld this information from Plaintiff until March of 2013, when Plaintiff discovered transactional deficiencies in his annual escrow review. Defendants BAC, Mr. BAC and Moynihan, after failing to notify Plaintiff of their above described actions and then, without the knowledge or consent of Plaintiff, replaced his insurance, with a so called lender provided insurance. When Plaintiff became knowledgeable of the canceled insurance and tried to replace the lender placed policy with his own preferred insurance, he was told by Defendants BAC, Mr. BAC and Moynihan, that because Plaintiff's insurance had been canceled, Plaintiff no longer could provide his own insurance and the federal law required that Defendants BAC and Mr. BAC provide, only their approved insurance on the loan. Defendants BAC, Mr. BAC and Moynihan further claimed to Plaintiff that the collateral/house for the loan was insured for $125,000.00 (One-Hundred Twenty-Five Thousand dollars. If the policy had actually existed, Defendants BAC, Mr. BAC and Moynihan over insured the property for two plus times of the retail value and up to twenty plus times the value of loan amount owed at the time. Under the contract, Defendants BAC and Mr. BAC, only had the right to insure the loan for the amount owed. Defendants BAC and Mr. BAC have, as a result of this scam have stolen/extorted or otherwise fraudulently acquired thousands of dollars from Plaintiff's escrow account. Defendants BAC and Mr. BAC have repeatedly refused to provide Plaintiff with copy of the alleged insurance policy and proof of payment and refuse to provide a valid name of the insurance company that allegedly provided the policy. In repeated communications with defendants, when Plaintiff spoke of legal action against defendants for their repeated refusal to provide Plaintiff with a copy of the alleged policy and proof of payment, Plaintiff was threatened/extorted by defendants BAC, Mr. BAC and Moynihan, that the loan would be accelerated and put into foreclosure, and would ruin plaintiff's credit, should Plaintiff quit making payments to escrow account or take the issue to court, to extort Plaintiff 's silence in the matter. Plaintiff reasonably feared reprisal from all Defendants.

14. The property used as collateral for the loan, in May of 2014 was damaged by Google Fiber installers. Plaintiff in June of 2014, contacted defendants, to again, try to obtain the legitimate name of lender placed insurance company, to file a claim. After repeated attempts over June, July, August and September to resolve the insurance issues with BAC and Mr. BAC and Moynihan, Plaintiff recently discovered, to his horror, that "no insurance" has ever been purchased by defendants and that the house has been "uninsured" for the last two years. Defendants BAC, Mr. BAC and Moynihan have claimed to Plaintiff that the house was insured through General Casualty, Casualty General, American General Casualty, QBE, etc. Plaintiff has contacted these insurance companies (the ones that actually existed) and all have claimed to Plaintiff that they have no insurance policies on Plaintiff's collateral property. Defendants BAC and Mr. BAC through deception, have stolen thousands of dollars from Plaintiff's escrow account for phony insurance policies, that don't exist. There is also several hundred other dollars missing from the escrow account and Defendants BAC, Mr. BAC and Moynihan have refused to explain to Plaintiff or provide an accounting for the Plaintiff's missing escrow money. In repeated communications with defendants, when Plaintiff spoke of legal action over BAC's repeated refusal to provide Plaintiff with a complete accounting of the escrow account and the nonexistent insurance policies, Plaintiff was again threatened/extorted by defendants BAC and Mr. BAC that the loan would be accelerated and put into foreclosure, and would ruin plaintiff's credit, should Plaintiff quit making payments to escrow account or take the issue to court, to extort Plaintiff 's silence in the matter. Plaintiff reasonably feared reprisal from all Defendants.

15. Since March 2013 BAC, Mr. BAC and Moynihan did discriminate against Plaintiff because of his racial, religious, origin and disabled status and refused service to Plaintiff, in his attempts to get a copy of this alleged insurance policy. Defendants BAC, Mr. BAC and Moynihan have continually refused to provide Plaintiff a copy of the alleged policy. Defendants BAC, Mr. BAC and Moynihan have repeatedly claimed to Plaintiff that the property was insured. Plaintiff was given a variety of company names that the property was allegedly insured by. Plaintiff contacted the companies (the ones that actually existed) named by defendants, all have denied being the policy provider. Defendants BAC, Mr. BAC and Moynihan have continually refused to provide Plaintiff proof (ie; canceled checks, showing that insurance was paid.) Plaintiff was entitled to these and other documents under the terms of the contract and federal and state statute.

16. Plaintiff has been trying since September of 2014 to payoff the loan early, using the money left in the escrow account. Defendants BAC, Mr. BAC and Moynihan are continuing to refuse to release Plaintiff's leftover escrow funds, that remain in Plaintiff's escrow account. Plaintiff is

under no contractual or legal requirements to have a escrow account, Plaintiff has made all payments on time, in accordance with the terms of the contract and only wishes to payoff the loan two-years early. Defendants BAC, Mr. BAC and Moynihan in their continual discrimination, extortion and thefts of Plaintiff assets, in September 2014, informed Plaintiff that he was too, also pay an "early pay off fee" of $5,000.00 (five-thousand dollars) and numerous other unidentified fees. Plaintiff's loan agreement with Countrywide does not contain a early payoff penalty clause and Plaintiff paid all associated fees upfront on the loan. Defendants BAC, Mr. BAC and Moynihan have also claimed to Plaintiff that since he was paying off his loan early, that he would have to purchase the lender placed policy for a year and maybe longer. Defendants BAC, Mr. BAC and Moynihan have threatened to have Plaintiff jailed if he doesn't pay the early payoff fee and will foreclose on the property, telling Plaintiff, the early payoff fee was federal law. Defendants BAC, Mr. BAC and Moynihan have continually refused to provide Plaintiff with a correct payoff amount. Plaintiff is currently being forced to continue to pay on a loan, that would, presently be paid off, if not for theft of funds from his escrow account by fraud, the failure of defendants to honor the terms of loan contract and their addition of phony payoff, insurance and mystery fees.

17. Defendants BAC, Mr. BAC and Moynihan refused service to Plaintiff, when they repeatedly refused to, provide Plaintiff payment stubs, provide Plaintiff an accounting of the loan and have repeatedly refused Plaintiff internet access to his account in an conspiracy to cover up the theft of funds and fraud associated with Plaintiff's loan. Plaintiff is entitled to payment stubs and an accounting under the terms of the contract and federal law.

18. Defendants BAC, Mr. BAC and Moynihan have since their take over of Countrywide, refused to identify the actual owner of the loan, so that Plaintiff can deal with them directly, and transfer the servicing of the loan to a non racist, not bigoted entity, so Plaintiff can payoff/settle the loan.

19. Defendants BAC, Mr. BAC and Moynihan, have repeatedly, without the Plaintiff's consent, recorded Plaintiff's telephone conversations in violation of federal law.

20. One of Defendant's BAC, Mr. BAC and Moynihan's minions, who identified herself to Plaintiff as Sara/Sarah, threatened Plaintiff in a phone conversation in early August of 2014, that Plaintiff's house would be burned down.

21. Defendants BAC, Mr. BAC and Moynihan have, since January of 2008, have engaged in a consistent and continuing pattern of racial, religious, origin and disability discrimination against Plaintiff, by their repeated refusal to provide Plaintiff service, with regard to Plaintiff's loan.

22. In late May of 2014, Google Fiber installers, did an estimated 25 to 30 thousands dollars worth of damage to the property. Plaintiff since early June has tried repeatedly to retrieve information from Defendants BAC, Mr. BAC and Moynihan, and continues to be, refused service, when it comes to accessing data concerning the loan, insurance and other services as a result of their continual engagement in a consistent and continuing pattern of racial, religious, origin and disability discrimination against Plaintiff, in their treatment of Plaintiff as a nonwhite, non-Judeo Christian customer.

23. Defendants BAC, Mr. BAC and Moynihan did violate the terms and spirit of the loan and federally protected rights when in the early 2000's, Defendants conspired with others to ruin the nation's real estate market and economy, and sought to undermine through theft and fraud, Plaintiff rights under the contract, in an attempt to force Plaintiff into foreclosure, and by the associated increase in taxes and insurance, caused by defendants and others, falsely inflating house values. Plaintiff held up his end of the contract by making all payments due under the contract on time. Defendants further harmed Plaintiff by causing Plaintiff's property to lose approximately $30,000.00 (thirty-thousand dollars) in value, by their reckless actions to enhance an illegal transfer of wealth and property, through fraud and theft, from the poor and middle class to the rich.

24. Defendants BAC, Mr. BAC and Moynihan took over the servicing of Plaintiff's loan from Countrywide, received value as a result of the loan being discounted, as a result of defendants fraud, and as there is no reference in the contract who benefits from this fraud related discount. Any discounts of the loan should have passed to Plaintiff. Plaintiff as result this shotgun financial wedding that was forced upon plaintiff by Defendants BAC, Mr. BAC, Moynihan and others was further, intentionally harmed, when upscale white Judeo-Christians had their loans discounted, and as a result of racial, religious, origin and disability discrimination, on the part of defendants, Plaintiff was denied these same discounts.

25. Defendants BAC, Mr. BAC and Moynihan have subjected Plaintiff to suffer the indignity of racial epithets in his dealings with defendants. Defendants BAC, Mr. BAC and Moynihan by referring to Plaintiff as "chief", in their dealings with Plaintiff.

26. Plaintiff's federally protected religious rights were violated and continue to be violated, by being forced to do business or otherwise associate with people and entities who practice racism, like the defendants, in violation of Plaintiff's deeply held religious beliefs, which hold that one will not acquaint or associate with those who look down upon their fellow human.

27. Defendants BAC, Mr. BAC and Moynihan have violated Plaintiff's federally protected rights under the law, in their continual refusal to provide Plaintiff accurate data, for the payoff of the

Page 8

Case 4:14-cv-00913-FJG Document 15-1 Filed 10/20/14 Page 9 of 13

loan. Defendants BAC, Mr. BAC and Moynihan have assigned varying mystery fees and early pay off penalties, even though the loan agreement has no early pay off penalty and Plaintiff paid all fees associated with the life of the loan at the loan's inception. Defendants BAC, Mr. BAC and Moynihan have harmed plaintiff by denying him the right to re-own the property as laid out by the terms of the contract. Defendants BAC, Mr. BAC and Moynihan further harmed Plaintiff in their discrimination of Plaintiff by treating Plaintiff in a manner, on their assumption that because Plaintiff is disabled that he must also be easy to take advantage of.

28. Defendants BAC, Mr. BAC and Moynihan did conspire to injure, oppress, threaten, and intimidate Plaintiff in the free exercise or enjoyment of any rights or privileges secured to him by the Constitution or laws of the United States, and Plaintiff's exercise of the same rights and privileges in their treatment of Plaintiff.

29. Defendants BAC, Mr. BAC and Moynihan failed to ever provide the Plaintiff a statement, that the transfer will not affect any terms or conditions of the mortgage.

30. Defendants BAC, Mr. BAC and Moynihan failed to ever provide an accurate statement explaining Plaintiff's rights and what to do if Plaintiff has a question or complaint about the servicing of the loan.

31. Defendants BAC, Mr. BAC and Moynihan failed to ever provide a statement the name, address and telephone number of the new owner of Plaintiff's loan.

32. Defendants BAC, Mr. BAC and Moynihan failed to ever provide a statement of the date the new owner takes possession of Plaintiff's loan.

33. Defendants BAC, Mr. BAC and Moynihan failed to ever provide a statement to Plaintiff identifying the person who is authorized to receive legal notices and can resolve issues about Plaintiff's loan payments.

34. Defendants BAC, Mr. BAC and Moynihan failed to ever provide a statement to Plaintiff as to where the transfer of ownership is recorded.

35. Defendants BAC, Mr. BAC and Moynihan failed to ever provide a statement or otherwise disclose as to who the new loan owner was to Plaintiff.

36. Defendants BAC, Mr. BAC and Moynihan failed to give Plaintiff notice of the transfer of ownership within 30 days of taking possession of the loan. This in addition to any notices Plaintiff should have received about the transfer of the servicing rights for the loan.

37. Defendants BAC, Mr. BAC and Moynihan have repeatedly failed as the loan servicer to properly credit payment to Plaintiff's loan account as of the day it is received.

38. Plaintiff incorporates all references of claims, judgments and orders issued by any federal, state or local courts that support Plaintiff's action against defendants as if stated in this complaint.

39. Plaintiff has requested that Defendants BAC and Mr. BAC remove all online credit information associated with the loan, after Plaintiff's settlement of the loan. Defendants BAC and Mr. BAC have refused to accommodate Plaintiff in this matter, making Plaintiff a likely fraud victim. Plaintiff has made all payments on time under the terms of the contract and is currently trying to pay the loan off two years early. Defendants refusal to remove the credit info and puts Plaintiff at an extreme risk for identity theft.

40. The Supreme Court of the United States has ruled that corporations are also persons. Plaintiff also makes demand that Mr. BAC, a person, who is currently being held in bondage, by Moynihan and others, in violation of federal antislavery and peonage statutes, be immediately, freed from his slavery and all others that have a claim of ownership, through stock, bond or other ownership, have their stock, bond or other ownership, be held for naught, order the immediate release of Mr. BAC and that all monies paid for purchase of Mr. BAC, be turned over to Mr. BAC's estate. Plaintiff further demands that Mr. BAC, as a result his inability to properly oversee his own affairs, his continued and his ongoing criminal activities at the behest of his present owners and Moynihan, that the United States Government be appointed guardian and that all financial assets of Mr. BAC also be transferred to United States government.

41. Plaintiff herein, makes constitutional challenge to any law or statute that would limit or otherwise cap Plaintiff's recovery for damages from defendants or places limits on time to recover damages.

## DEMAND FOR JURY TRIAL

42. Plaintiff makes demand for jury trial on all matters triable by jury.

## RELIEF

Wherefore, the plaintiff prays this court to do the following;

43. Order the return of monetary overages paid by Plaintiff from February 2008 through the present for interest overcharges as a result of defendants failure to honor Plaintiff's contractual rights under Countrywide's Easy Rate Interest Rate Reduction program.

44. Order the return to Plaintiff, of all money that was either stolen or otherwise removed without Plaintiff's authorization and any other amounts fraudulently removed through phony fees/overcharges/insurance policies by defendants from Plaintiff's private escrow account from 2008 through the present.

45. Order defendants to correct Plaintiff's accounting information so that it meet the terms of the contract and federal law and then an independent refiguring of Plaintiff's payoff amount at defendants expense.

46. Order defendants to remove the $5000.00 (five-thousand dollar) early payoff penalty and other mystery fees charged to Plaintiff's loan.

47. Order defendants to process Plaintiff's request for settlement and payoff of loan and the legal return of Plaintiff's collateral/property.

48. Plaintiff prays for damages both actual and punitive from each defendant in the amount of $500,000,000.00 (five-hundred-million dollars) for the egregious actions of defendants, suffered upon Plaintiff.

49. Order that once this matter is settled that defendants remove all information concerning the Plaintiff's business with defendants from all credit reporting services and any other private concerns that defendants have shared Plaintiff information with and the removal of Plaintiff social security number from defendants internal records related to the loan.

50. Order defendants to reimburse and pay Plaintiff for the loss of value of Plaintiff's property as a result of their actions and contribution to the failure of the nation's real estate market and the subsequent loss of real estate values.

51. Order defendants to reimburse and pay Plaintiff for losses incurred by Plaintiff to his property as a result of defendants failure to purchase insurance after the defendants unauthorized withdrawal of money from Plaintiff's escrow account.

52. Order that the discounts defendants received on the loan when they absorbed Countrywide, be forwarded to Plaintiff and that Plaintiff be awarded an additional discount based on the average amount of discount that was awarded to defendants preferred white Judeo-Christian customers.

53. Order defendants to pay the taxes on any taxable judgment amounts.

54. Order that defendant Mr. BAC be immediately, freed from his slavery and all others that have a claim of ownership, through stock, bond or other ownership, have their stock, bond or other ownership of Mr. BAC be held for naught, order the immediate release, of Mr. BAC and that all monies paid for purchase of Mr. BAC, be turned over to Mr. BAC's estate. Plaintiff further prays

that Mr. BAC, as a result his obvious inability to properly oversee his own affairs and his continued and his ongoing criminal activities at the behest of his present owners and Brian Moynihan, that the United States Government be appointed guardian and that all financial assets of Mr. BAC also be transferred to United States government. It is an abomination for one person to own another person.

*[signature: John C. Calon]*

John C. Calon, Plaintiff Pro/Se