IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JOHN CALON, )
 )
      Plaintiff, )
 )
vs. ) No. 14-00913-CV-W-FJG
 )
BANK OF AMERICA, ET AL., )
 )
      Defendants. )

## ORDER

Currently pending before the Court is Bank of America N.A. ("BANA's") Motion to Dismiss (Doc. # 51); plaintiff's Motions to Compel (Docs. # 60, 63, 69); plaintiff's Motion for an Extension of Time (Doc. # 62); BANA's Motion for Extension of Time (Doc. # 65); plaintiff's Motion for Protective Order (Doc. # 66); plaintiff's Motion to Stay Taking of Deposition (Doc. # 68); BANA's Motion for Extension of Time to File Response (Doc. # 74) and BANA's Motion for Extension of Time to File Reply Suggestions (Doc. # 83).

### I. Factual Background

On December 9, 2014, plaintiff filed his initial complaint asserting five causes of action against Bank of America Corporation ("BAC"), Bank of America Corporation, N.A. ("BANA") and Brian Monynihan (Bank of America's CEO). On June 29, 2015, the Court granted in part and denied in part BANA's Motion to Dismiss[1]. The Court directed plaintiff to file a First Amended Complaint on or before July 15, 2015. When plaintiff did not file his Amended Complaint on or before July 15, 2015, the Court issued an Order to

---

[1] The court granted the motion to dismiss as to Brian Monynihan. The Court also granted the motion to dismiss as to defendant BAC, but allowed plaintiff an opportunity to replead any allegations he had which relate to BAC directly.

Show Cause Order on July 22, 2015, directing plaintiff to show cause as to why the matter should not be dismissed due to failure to comply with the Court's earlier order. In the First Amended Complaint, plaintiff was directed to list in separate counts the claims he was asserting against the various defendants. On July 24, 2015, plaintiff filed a forty-two page, three-hundred thirty-five paragraph First Amended Complaint in which he asserts twenty counts against BANA.

## II.  Motion to Dismiss

### A.  Res Judicata Defense

As noted above, when plaintiff missed the deadline for filing the Amended Complaint, the Court issued an Order to Show Cause directing plaintiff to explain why the deadline had not been met.  On August 5, 2015, plaintiff responded to the Court's Order to Show Cause stating that he had not timely responded earlier due to health issues.  Additionally, in his response, plaintiff states that in his Amended Complaint, he "uses essentially the same form, format and information that was used in Hall v. Bank of America, because of its identical nature to Plaintiff's predicament with regard to lender force insurance. Plaintiff then used the same format, for the other items, (defendants default on the convertible option, theft of funds, breach of contract, etc.)." (Plaintiff's Reply to Court Order, p. 2).  Plaintiff continues that "[w]hat remains of Plaintiff['s] action is identical to what happened to certain class members in Hall v. Bank of America, which was accepted by the federal Court and later settled by Bank of America to avoid trial. The only real difference is that Plaintiff changed the Class nature and identification of the Hall class action to that of an individual's private action. Plaintiff as an individual is entitled to same protections, access and judgments of the federal court that are afforded

2

to, the class members in Hall v. Bank of America." Id. at p. 2.

In their Motion to Dismiss, defendants state that plaintiff's First Amended Complaint should be dismissed under the doctrine of res judicata because most of his claims were recently settled in a nationwide class action lawsuit. Additionally, they argue that the remaining claims should be dismissed because plaintiff fails to state any claim upon which relief can be granted or satisfy basic pleading standards with regard to the remaining claims. Defendants state that the controlling class action lawsuit, Hall v. Bank of America, No. 1:12-CV-22700, was filed in the Southern District of Florida on July 24, 2012 and BANA was a named defendant in the suit. This suit focused on lender force-placed insurance policies and the related servicing of mortgage loans. A nationwide class was certified and approved and a settlement agreement was entered into between the class and BANA. The settlement agreement was filed with that Court and granted final approval on December 17, 2014. Defendants state that each of plaintiff's claims based on forced place insurance is barred by the doctrine of res judicata and should be dismissed.

In opposition, plaintiff states that he only became aware of Hall, several weeks before he first mentioned it in his Reply to Defendant's Motion to Dismiss in May 2015. He states that he was never notified by mail or any other form of media concerning what rights he may have had in regard to the Hall action. Plaintiff states that BANA never turned his name or other information over to the United States District Court for the Southern District of Florida and he never received any notice from that Court. In reply, BANA states that under Fed.R.Civ.P. 23(c)(2)(b), a class action court "must direct to class members the best notice practicable under the circumstances." BANA states that

3

the Court in Hall expressly approved the methods of notice and ruled that those methods "constitute[d] the most effective and practicable notice" and "compl[ied] fully with the requirements of Fed.R.Civ.P. 23." BANA notes that in Hall, class members were mailed notice, notice of the settlement was published in USA Today, notice was published on a specially created internet website regarding the class action, and a toll-free telephone system was created, with the ability to speak to a live settlement representative. BANA states that even if plaintiff did not receive notice, this is irrelevant because Rule 23 requires only the best notice practicable and that can be something "less than actual notice."

In Long v. Nationstar Mortgage LLC, No. 2:15-CV-01202, 2016 WL 1229107 (S.D.W.Va. Mar. 28, 2016), the Court noted:

> A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it typically 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. . . .It follows that a motion to dismiss generally cannot reach the merits of an affirmative defense like res judicata. . . .Still, the defense of *res judicata* or release may be raised on a Rule 12(b)(6) motion to dismiss if the "facts sufficient to rule on [the] affirmative defense are alleged in the complaint." . . .In "the[se] relatively rare circumstances[,] . . .all facts necessary to the affirmative defense [must] clearly appear *on the face of the complaint."* . . .Moreover, in ruling on a motion to dismiss, a court is not limited to the factual allegations in the complaint but "may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."

Id. at * 3 (internal citations and quotations omitted).

In Long, the Court concluded that it could not decide at the motion to dismiss stage whether the defense of res judicata applied in that case. The Court stated:

> Nationstar has provided no evidence that the settlement notice – that is, the notice to Plaintiff *specifically* – meets due process requirements. Nationstar has submitted no evidence that Plaintiff's name and address were included on the mailing lists of absent class members; nor has it

4

supplied facts proving that the notice intended for Plaintiff was mailed to his residence. See Vargas v. Capital One Fin. Advisors, 559 Fed.Appx. 22, 27 (2d Cir. 2014)(notice is adequate where evidence demonstrates that it was mailed to the correct address and not returned to the sender as undeliverable). The prospect of delving into this disputed factual matter only further persuades the Court that the issue of the preclusive effect of the Triplett [class action] settlement is not suitable for resolution at the motion to dismiss stage.

Id. at *6. Additionally, in another similar case, the Court also found that it was incorrect to make a decision on claim preclusion at the motion to dismiss stage. In Brown v. Wells Fargo Bank, N.A., 869 F.Supp.2d 51 (D.D.C. June 22, 2012), the defendants argued that a class settlement agreement and order was binding on plaintiff and precluded two counts of the complaint. The Court found that it could not make this determination on a motion to dismiss motion. The Court noted:

> [t]he Bank has furnished no facts demonstrating that Brown was mailed the *Wachovia* settlement notice nor has it submitted a copy of the *USA Today* publication. Indeed, it proffers no actual evidence in support of its claim that notice to Brown met Rule 23 and due process requirements. Instead, Wells Fargo asks the Court to infer that because Brown is a class member and because the *Wachovia* court found that class members received notice by direct mail, notice to her was sufficient. The Court declines to make such an inference. The *Wachovia* court made a summary finding as to over 516,000 class members. In re Wachovia Corp., 2011 WL 1877630, at *3. Whether Brown was on the notice mailing list is unclear. Because the Bank has the burden to prove this affirmative defense, . . .the mere citation of the *Wachovia* settlement and suggestion that the Court should infer sufficient notice as to Brown is not sufficient.

Id. at 65.

Similarly, in the instant case, the Court is not able to make a determination on the applicability of the res judicata defense at this stage of the proceedings. Accordingly, the Court hereby **DENIES** BANA's Motion to Dismiss on the basis of res judicata.

### B. Remaining Claims

#### 1. Truth in Lending Act Claims (Counts X and XIX)

5

BANA states that the Truth in Lending Act applies to "businesses and individuals when the following four criteria are met: (1) credit is offered or extended to consumers; (2) the offering or extension of credit is done regularly; (3) the credit is subject to a finance charge or is payable by a written agreement in more than 4 installments; and (4) the credit is primarily for personal, family or household purposes." BANA states that plaintiff's Counts X and XIX should be dismissed because plaintiff failed to allege that BANA regularly engages in the offering or extension of credit. BANA also alleges that plaintiff fails to allege that BANA ever extended credit to him or failed to disclose the required information at that time. Finally, BANA states that even if plaintiff had properly alleged a TILA claim the statute has a one year statute of limitations. Because plaintiff's original loan was originated in 2008, BANA alleges that the statute of limitations has run on his claim.

In Count X plaintiff alleges that Bank of America is a "creditor" under TILA because they claimed they owned the plaintiff's mortgage and changed the terms of the mortgage to create a new mortgage obligation. Plaintiff alleges that BANA violated 12 C.F.R.§ 226.17( c) when it reneged on the "e Easy Rate Reduction Plan" convertible option to plaintiff's mortgage obligations and failed to provide new disclosures and failed at all times to disclose the amount and nature of the interest over charges. (First Amended Complaint, ¶246). In his Statement of the Claim, plaintiff alleges that he first notified Countrywide by phone that he was going to exercise his rights under the "e Easy Rate Interest Rate Reduction Plan" on December 17, 2007. Plaintiff states that he sent Countrywide a letter to this effect on December 18, 2007. (First Amended Complaint, ¶¶ 21,24). Plaintiff further alleges in his Complaint that on August 8, 2008,

6

BANA nullified plaintiff's contractual rights under the "e Easy Rate Interest Rate Reduction Plan." He also states that on August 11, 2008, he sent BANA a letter to formally request arbitration and BANA refused. On August 8, 2008, plaintiff alleges BANA told plaintiff that they no longer had to honor the "e Easy Rate Interest Rate Reduction Plan." (First Amended Complaint, ¶¶ 29-32).

In Count XIX, plaintiff alleges that BANA violated 15 U.S.C.§ 1639g when it refused to provide plaintiff a true and accurate pay off amount for his mortgage loan. In his Complaint, plaintiff alleges that "Bank of America has since October 1st of 2014 . . . refused to provide Plaintiff with a true and correct Payoff Statement." (First Amended Complaint, ¶ 97). Plaintiff filed his initial Complaint on October 20, 2014. Thus, this claim would be within the statute of limitations period.

"A claim brought under TILA for rescission has a three-year statute of limitations, while a damages claim under TILA has a one-year statute of limitations. 15 U.S.C. § 1635(f); 15 U.S.C. 1640(e)." White v. CTX Mortgage, LLC., No. 13-0335-CV-W-DGK, 2013 WL 5592979, *3 (W.D.Mo. Oct. 10, 2013). In the instant case, the actions which plaintiff complains of in Count X occurred at the latest in August 2008. Thus, the statute of limitations for a rescission claim would have run in August 2011 and the statute on a damages claim would have run in 2009. However, the actions of which plaintiff complains of in Count XIX – Refusal to Provide a Payoff Statement, occurred at the latest in October 2014. Thus, this claim would not be time barred. Accordingly, the Court finds that plaintiff has failed to state a claim for a violation of the **Truth in Lending Act** under **Count X** and will **GRANTS** BANA's Motion to Dismiss **Count X** of plaintiff's First Amended Complaint. However, because the statute of limitations did not expire on

7

plaintiff's claim that BANA failed to provide him with a payoff statement, the Court **DENIES** BANA's Motion to Dismiss **Count XIX**.

**2. Breach of Contract Claims (Counts XI and XIV)**

Plaintiff alleges that he obtained an equity loan through Countrywide Home Loans on November 29, 2000 in the amount of $20,001.00. Plaintiff also alleges in his Complaint that his mortgage included a convertible option, called the "e Easy Rate Interest Rate Reduction Plan." Plaintiff alleges that on January 15, 2008, BANA took over Countrywide. Plaintiff alleges that on August 8, 2008, BANA nullified his contractual rights under the "e Easy Rate Interest Rate Reduction Plan." (First Amended Complaint, ¶¶ 15-29). In Count XI, plaintiff alleges that he has a mortgage serviced by BANA and that it is written on uniform mortage forms and contains provisions regarding force-place insurance. Plaintiff also alleges that his mortgage came with the "e Easy Rate Interest Rate Reduction Plan." Plaintiff claims that BANA breached his mortgage contract by failing to honor the terms of this convertible option and charging him interest beyond what was allowed under the "e Easy Rate Interest Rate Reduction Plan." Plaintiff claims that he has suffered damages as a result of these breaches of contract. (First Amended Complaint, ¶¶255-261). In Count XIV, plaintiff alleges that his mortgage came with an early payoff clause. Plaintiff alleges that BANA breached the mortgage contract by not honoring the terms of the early payoff clause and forcing him to pay additional interest on the loan. (First Amended Complaint ¶¶ 278-284).

BANA argues that these two counts of the Amended Complaint should be dismissed because plaintiff has failed to allege the existence of a contract between

himself and BANA and also because an examination of the Note reveals no clause or provision related to an "e Easy Rate Interest Rate Reduction Plan." However, the Court disagrees. Plaintiff alleged in his Amended Complaint that BANA took over Countrywide and that they assumed the mortgage loans which Countrywide had issued. BANA argues that the breach of contract claim should be dismissed because the note does not mention or refer to an "Easy Rate Interest Rate Reduction Plan." However, the Note was not attached to the First Amended Complaint and BANA did not attach the Note as an exhibit to its Motion To Dismiss, so the Court is unable to make a determination of whether the Note included or incorporated the rate reduction plan. Accordingly, the Court finds that plaintiff has adequately stated a claim for Breach of Contract. The Court therefore **DENIES** BANA's Motion to Dismiss **Counts XI (Breach of Contract)** and **Count XIV (Breach of Contract)**.

### 3. Breach of Implied Covenant of Good Faith and Fair Dealing (Count XII)

BANA states that this claim should be dismissed because plaintiff does not allege any element of breach of contract. However, as discussed above, the Court finds that plaintiff has alleged the basic elements of a breach of contract action. Therefore, the Court **DENIES** BANA's Motion to Dismiss **Count XII (Breach of Implied Covenant of Good Faith & Fair Dealing)**.

### 4. Unjust Enrichment Claim (Count XIII)

BANA states that the unjust enrichment claim should be dismissed for failure to state a sufficient factual basis for his claim. BANA states that plaintiff fails to allege what interest rate he was supposedly charged and what the allegedly inflated rate was or when the unjust change occurred.

9

The factual details regarding this claim are contained in factual explanation of the claim. Plaintiff alleges that the "e Easy Rate Interest Rate Reduction Plan" would have lowered his interest rate from 7.625% to 5.25%. Plaintiff states that he notified Countrywide in a letter on December 18, 2007, that he was going to exercise his rights under this convertible option. On February 3, 2008, plaintiff alleges that BANA began to give him the "run around" on the status of his "e Easy Rate Interest Rate Reduction Plan." On August 8, 2008, BANA informed plaintiff that they no longer had to honor the Easy Rate Interest Rate Reduction Plan and have since refused to honor this part of the loan agreement. (First Amended Complaint, ¶¶ 21-32). The Court finds that the First Amended Complaint contains sufficient factual details in order to state a claim for unjust enrichment. Accordingly, the Court hereby **DENIES** BANA'S Motion to Dismiss **Count XIII – Unjust Enrichment**.

### 5. Violation of 18 U.S.C. §1014 - (Count XV)

Plaintiff alleges in Count XV that his mortgage was a consumer credit plan secured by his principal dwelling and was subject to the requirements of 18 U.S.C.§ 1014. Pursuant to this statute, plaintiff alleges that BANA was required to accurately and fully disclose the value of his property. Plaintiff alleges that BANA violated the statute when it valued his home at two plus times the actual value for the purpose of obtaining insurance. BANA states that Count XV should be dismissed because 18 U.S.C.§1014, is a federal criminal statute that requires borrowers to be truthful when applying for a loan and does not create a civil cause of action against a financial institution. The Court agrees and finds that there is no civil cause of action for a violation of this statute. See Schneider v. Bank of America, No. 2:11-CV-2953LKKDADPS, 2012

WL 761975, *8 (E.D.Cal. Mar. 6, 2012) citing <u>Milgrom v. Burstein</u>, 374 F.Supp.2d 523,528-29 (E.D.Ky. 2005). Accordingly, the Court hereby **GRANTS** BANA's Motion to Dismiss **Count XV – Violation of 18 U.S.C.§ 1014.**

   6. **Extortion Claim - (Count XVI)**

   Plaintiff alleges that BANA violated 18 U.S.C.§ 875 when it threatened to foreclose on plaintiff's house and forced plaintiff to pay for insurance from QBE. Plaintiff claims that he has been injured and has suffered a monetary loss arising from BANA's violations of this statute. However, as discussed above, 18 U.S.C.§ 875 is a federal criminal statute and there is no private right of action provided for in this statute. See <u>Archer v. City of Taft</u>, No. 1:12-CV-00261-AWI-JLT, 2012 WL 1458136, *6 (E.D.Cal. Apr. 26, 2012)("[T]hese statutes are federal criminal statutes that do not provide for a private civil right of action."). Accordingly, the Court hereby **GRANTS** BANA's Motion to Dismiss **Count XVI – Violations of 18 U.S.C. § 875 – Interstate Communications**.

   7. **Fair Debt Collection Practices Act - (Count XVIII)**

   BANA states that Count XVIII should be dismissed because plaintiff has failed to plead the requisite elements for a violation of the statute. BANA states that plaintiff fails to allege that BANA was a debt collector, as defined by the statute, he failed to identify what provisions of the act were violated and also fails to allege that the debt being collected was a consumer debt. In the First Amended Complaint, plaintiff alleges that BANA violated the FDCPA when as a debt collector, it "engaged in conduct to which, the natural consequence of was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. Bank of America falsely claimed that Plaintiff had made late payments on the principle and interest on his mortgage. Bank of America used threats

11

and other criminal means to harm the reputation of Plaintiff. Bank of America collectors used obscene or profane language and other language, of which the natural consequence of which is to abuse Plaintiff. Bank of America repeatedly used a telephone to ring or engaging the Plaintiff in telephone conversation repeatedly and continuously with intent to annoy, abuse, or harass Plaintiff." (First Amended Complaint, ¶¶ 306-310).

> To state a claim for a violation of the FDCPA, a plaintiff must plead that he is a consumer and that the defendant is a debt collector within the meaning of the statute; that there was an attempt to collect a debt; and that the defendant violated, by act or omission, a provision of the FDCPA. Mayhall v. Berman & Rabin, P.A., No. 4;13-CV-175-AGF, 2014 WL 340215, at *4 (E.D.Mo. Jan. 30, 2014).

Young v. Green Tree Servicing, LLC, No. 4:15-CV-1331 (CEJ), 2016 WL 1464619, *3 (E.D.Mo. Apr. 14, 2016). In Young, the Court explained, "the FDCPA's definition of 'debt collector' *excludes* 'any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . .(iii) concerns a debt which was *not in default* at the time it was obtained by such person.' 15 U.S.C. § 1692a(6)(F)." Id. In McClenahan v. Equifax Information Services LLC, No. 14-507(DWF/FLN), 2016 WL 554819 (D.Minn. Feb.11, 2016), the Court noted that in light of the exception contained in §1692a(6)(F), "courts have repeatedly recognized that a person who obtained the debt at issue *when the debt was not in default* cannot be liable as a debt collector under the FDCPA." Id. at *3. In the instant case, plaintiff alleges that his loan is not in default and he has never made a late payment. (First Amended Complaint ¶¶ 18, 113). Thus, the Court finds that because plaintiff's loan was not in default at the time that BANA obtained the loan, BANA does not meet the definition of a "debt collector" under the terms of the statute. Accordingly, the Court hereby **GRANTS**

12

BANA's Motion to Dismiss **Count XVIII – Fair Debt Collection Practices Act**.

### 8. Discrimination Claim - (Count XX)

BANA states that plaintiff's discrimination claim under Count XX should be dismissed because plaintiff simply makes general assertions without providing any factual support. BANA states that plaintiff makes generalized allegations such as the fact that "white Judeo-Christian customers had their loans discounted, and as a result of Bank of America's racial, religious, origin and disability discrimination, Plaintiff was denied these same discounts and the benefits of them." (First Amended Complaint, ¶ 135). Additionally, plaintiff states that BANA subjected him to "suffer the indignity of racial epithets in his dealings with defendants." (First Amended Complaint, ¶ 136). Plaintiff provides only generalized allegations of when he alleges he was subjected to improper comments. Plaintiff alleged that since 2011, on occasion, BANA employees, the manager and tellers located at the Vivion Road Branch in Kansas City, Missouri referred to plaintiff as "chief." (First Amended Complaint, ¶ 137). Additionally, plaintiff states that on August 8, 2011, a male employee in a phone call, referred to plaintiff as a "dumbass Mexican." (First Amended Complaint, ¶ 138). In his Discrimination Count XX, plaintiff asserts that he is "subject to the protections of the Americans with Disabilities Act, 42 U.S.C. 1210 et seq. prohibits discrimination against person with disabilities in the provision of good and services, including credit services, the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691 et seq. and the Fair Housing Act , 42 U.S.C. § 3601 et seq., the two statutes that specifically prohibit discrimination in lending." (First Amended Complaint, ¶ 320). Plaintiff alleges that "Bank of America violated . . .all of the above, specifically, Bank of America in it's treatment of Plaintiff,

and refusal to provide the same treatment as it does full white people." (First Amended Complaint, ¶321).  Plaintiff alleges that "Bank of America specifically, . . .targeted Plaintiff because of his national origin and his last name is Spanish, and illegal[ly] profiled him as a target for foreclosure, and denied him benefits and services, that it regularly gave white American born customers." (First Amended Complaint, ¶ 322).

The Court finds that in Count XX, plaintiff has attempted to assert that he suffered discrimination and that this discrimination violated three separate statutes.  However, plaintiff has made no effort to describe with any kind of specificity what conduct he alleges he was subjected to and how this conduct violated the specific statutes at issue.  Each of the statutes which plaintiff cites have separate elements.  If plaintiff wishes to allege violations of these statutes, he must plead these claims as separate causes of action and provide specific details as to how the defendant's actions violated the provisions of the statutes.  Accordingly, the Court will **GRANT** BANA's Motion to Dismiss Count XX, but will allow plaintiff an opportunity to replead these allegations as separate counts.

### III. Plaintiff's Motions to Compel

Plaintiff has also filed three motions to compel.  In two of the motions, plaintiff states that BANA is refusing to properly and fully answer plaintiff's interrogatories and requests for production of documents.

A Scheduling and Trial Order was entered in this case on June 23, 2015.  The Order stated in part: "The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1.  Any discovery motion filed without complying with Local Rule 37.1 will be denied."  Local Rule 37.1 states:

**37.1 DISCOVERY MOTIONS**

(a) Except when authorized by an order of the Court, the Court will not entertain any discovery motions, until the following requirements have been satisfied:

1. Counsel for the moving party has in good faith conferred or attempted to confer by telephone or in person with opposing counsel concerning the matter prior to the filing of the motion. Merely writing a demand letter is not sufficient. Counsel for the moving party shall certify compliance with this rule in any discovery motion. *See* Rule 26(c), Federal Rules of Civil Procedure and Crown Center Redevelopment Corp. v. Westinghouse Elec., 82 F.R.D. 108 (W.D.Mo.1979); and

2. If the issues remain unresolved after the attorneys have conferred in person or by telephone, counsel shall arrange with the Court for an immediate telephone conference with the judge and opposing counsel. **No written discovery motion shall be filed until this telephone conference has been held.**

The Scheduling and Trial Order states that in the event a teleconference is needed, counsel should email their request to chambers. The request should include a typed description of the discovery dispute and not exceed more than two pages. The teleconferences are designed to handle one or two issues that do not require authoritative briefing. If there are questions regarding whether the issues are appropriate for a teleconference, counsel are instructed to contact chambers.

In the instant case, plaintiff gives no indication that he has conferred or attempted to confer with counsel for BANA regarding either of the motions to compel. BANA states in opposition that plaintiff made no effort to comply with Local Rule 37.1 prior to filing the motions. Accordingly, the Court hereby **DENIES** plaintiff's Motions to Compel for failure to comply with the Scheduling and Trial Order and Local Rule 37.1 (Docs. # 60, 69).

Plaintiff filed another motion titled "Motion to Compel Defendant to Honor the Terms of Contract." Although this pleading is titled as a motion to compel, it essentially

15

asks the Court for the same relief requested in plaintiff's Amended Complaint. The only distinction is that in the Motion to Compel, plaintiff is asking for the appointment of a third party trustee to take over plaintiff's mortgage account and requesting that BANA turn over all funds collected from plaintiff since October 1, 2014 to the trustee, so they may properly account for plaintiff's funds. BANA argues that plaintiff's Motion to Compel is more like a Motion for Judgment on the Pleadings and such a motion is premature at this stage of the litigation as the pleadings have not yet closed. In the Motion, plaintiff states that he is seeking the protection and enforcement of his rights as guaranteed under the terms of the Note and Deed of Trust and also as guaranteed under the terms of Countrywide's eEasy Rate Reduction Plan. Plaintiff makes reference in his motion to Suggestions that he filed in Support of his Motion to Compel, but the Court was unable to locate any such pleading. Therefore, because the Motion is seeking essentially the same relief as requested in the Complaint and because there was no explanation as to why plaintiff is entitled at this time to such relief, the Court hereby **DENIES** plaintiff's Motion to Compel Defendant to Honor Terms of Contract (Doc. # 63).

### IV. Motion for Protective Order Limiting Scope of the Deposition, Motion to Stay Taking of Deposition, Motions for Extension of Time

Plaintiff has filed a Motion for Extension of Time to complete production of documents, Bank of America has filed a Motion to Extend Scheduling Order deadlines and also filed a Motion for Extension of Time to respond to plaintiff's motion for protective order limiting the scope of discovery and motion to stay taking of deposition.

The Court **GRANTS** BANA's Motion for Extension of Time to respond to plaintiff's Motion for Protective Order Limiting the Scope of Discovery and Motion to Stay Taking

16

of Deposition of John Calon (Doc. # 74). BANA requested a five day extension of time to respond to these motions and the Court finds that the responses were timely filed. Now that the Court has ruled on BANA's Motion to Dismiss, the Court directs the parties to meet and confer regarding what discovery issues remain.  The parties shall also discuss and propose dates for a revised Scheduling and Trial Order. The parties shall submit a joint proposed revised Scheduling and Trial Order on or before **June 1, 2016**. BANA's Motion to Extend Scheduling Order Deadlines is hereby **DENIED** as **MOOT** (Doc. # 65).

**V. Motion for a Protective Order**

In his Motion for Protective Order limiting the Scope of Deposition, plaintiff requests that the Court impose several conditions upon the taking of his deposition including: 1) relocating the place for the deposition; 2) limiting the questions which defendants can ask; 3) preventing videotaping; 4) appointment of a court monitor; 5) allowing plaintiff to refuse to answer questions; 6) limiting those who can attend the deposition; 7) providing questions in advance and 8) limiting the questioning to only two hours at a time. Plaintiff has also filed a motion requesting that the Court stay the taking of his deposition until twenty days after the Court has ruled on his Motions to Compel. The Court notes that the rules relating to discovery and the taking of depositions are outlined in the Federal Rules of Civil Procedure, in the Local Rules for the Western District of Missouri and also in the Scheduling and Trial Order. Plaintiff is encouraged to review these rules for guidelines on what can be expected with regard to the taking of his deposition.  Plaintiff has failed to provide any justification or reasons why the Court should impose any restrictions on the taking of his deposition.  Accordingly, the Court

17

hereby **DENIES** plaintiff's Motion for a Protective Order Limiting the Scope of Deposition (Doc. # 66) and **DENIES AS** MOOT Plaintiff's Motion to Stay the Taking of Deposition (Doc. # 68).

## VI.    CONCLUSION

Accordingly, BANA's Motion to Dismiss is hereby **GRANTED IN PART** and **DENIED IN PART** (Doc. # 51); Plaintiff's Motions to Compel (Docs. # 60, 69) are hereby **DENIED** for failure to comply with Local Rule 37.1; Plaintiff's Motion to Compel Defendant to Honor the Terms of Contract (Doc. # 63) is hereby **DENIED**; Plaintiff's Motion for an Extension of Time (Doc. # 62) is hereby **DENIED AS MOOT**; BANA's Motion for Extension of Time (Doc. # 74) is hereby **GRANTED**; Plaintiff's Motion for Protective Order (Doc. # 66) and Motion to Stay Taking of Deposition (Doc. # 68) are hereby **DENIED**; BANA's Motion to Extend Scheduling Order Deadlines (Doc. # 65) is hereby **DENIED AS MOOT**; BANA's Motion for Extension of Time to File Reply Suggestions (Doc. # 83) is **GRANTED**. The parties shall submit a joint proposed revised Scheduling and Trial Order on or before **June 1, 2016**.

Date:  May 17, 2016                                       **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                                                         United States District Judge