# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESETERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOHN CALON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 14-00913-CV-W-FJG |
| BANK OF AMERICA, ET AL., | ) ) ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. # 98); Plaintiff's Motion to Compel (Doc. # 99); Bank of America N.A. ("BANA's") Motion for Summary Judgment (Doc. # 101) and plaintiff's Motions for Protective Order (Docs. # 105, 107).

### I. Background

On December 9, 2014, plaintiff filed his initial complaint asserting five causes of action against Bank of America Corporation ("BAC"), Bank of America Corporation, N.A. ("BANA") and Brian Moynihan (Bank of America's CEO). On June 29, 2015, the Court granted in part and denied in part BANA's Motion to Dismiss[1]. The Court directed plaintiff to file a First Amended Complaint on or before July 15, 2015. When plaintiff did not file his Amended Complaint on or before July 15, 2015, the Court issued an Order to Show Cause Order on July 22, 2015, directing plaintiff to show cause as to why the matter should not be dismissed due to failure to comply with the Court's earlier order.

---

[1] The court granted the motion to dismiss as to Brian Moynihan. The Court also granted the motion to dismiss as to defendant BAC, but allowed plaintiff an opportunity to replead any allegations he had which relate to BAC directly.

In the First Amended Complaint, plaintiff was directed to list in separate counts the claims he was asserting against the various defendants. On July 24, 2015, plaintiff filed a forty-two page, three-hundred thirty-five paragraph First Amended Complaint in which he asserts twenty counts against BANA.  On May 17, 2016, the Court dismissed five of plaintiff's claims.  BANA filed a Motion for Summary Judgment on November 21, 2016 (Doc. # 101).  Plaintiff's response was due on or before December 15, 2016.  Plaintiff failed to file any response to the summary judgment motion.

**II.     Plaintiff's Motion for Extension of Time to Complete Discovery**

Plaintiff has moved for a Motion for Extension of Time to Complete Discovery (Doc. # 98).  In his Motion plaintiff requests an additional ninety days to complete discovery. Plaintiff states that he recently learned that the defendants had illegally accessed sealed court records, medical records and private financial information and that the defendant sent employees to plaintiff's property to harass and intimidate him after he paid off his loan.   Plaintiff states that he is seeking information so that he may file criminal charges against these individuals.  Plaintiff then states that defendant continues to withhold data, witnesses, audio and other items that plaintiff is entitled to. BANA opposes the motion, stating that plaintiff's motion is untimely and filed after the close of discovery. BANA also states that it has fully responded to plaintiff's written discovery. BANA also notes that the Court previously extended the discovery in this case from November 19, 2015 until October 24, 2016.  During these eleven months, plaintiff failed to conduct any additional discovery.  Finally, BANA states that despite seeking an additional ninety days to complete discovery, plaintiff fails to state or describe what additional information he needs.  The Court agrees and finds that plaintiff's request for

additional time to complete discovery is both untimely and without any basis. As noted above, the Court previously granted plaintiff an extension of time to complete discovery, but plaintiff did not utilize this time to conduct any discovery. Accordingly, because plaintiff's motion was untimely and because he failed to show good cause for extending the deadline, the Court hereby **DENIES** Plaintiff's Motion for an Extension of Time to Complete Discovery (Doc. # 98).

### III. Plaintiff's Motion to Compel

Plaintiff in his Motion to Compel requests that the Court order defendant to turn over a readable copy of his deposition. Plaintiff complains that the copy that he was provided contained type which was too small for him to read. In opposition, defendant states that the Motion should be denied because plaintiff failed to comply with Local Rule 37.1 and also because the motion is moot. BANA states that the court reporter sent plaintiff a copy of the transcript and defendant also mailed plaintiff a CD which contained both a paper transcript as well as the video of the deposition. Plaintiff filed no reply suggestions refuting defendant's statements or indicating that he had not received the CD. Accordingly, because it would appear that plaintiff has received the relief he requested, the Court hereby **DENIES AS MOOT** plaintiff's Motion to Compel (Doc. # 99).

### IV. Plaintiff's Motions for Protective Order

In his Motion for a Protective Order plaintiff states that he recently learned that BANA and their attorneys illegally accessed or had in their possession medical records, sealed court records and private financial information. Plaintiff also states that BANA sent Bank of America employees to his property to harass and intimidate him after he

filed this action. Plaintiff also claims that BANA failed to give him enough notice of his deposition and has now refused to provide him with a copy of his deposition. Plaintiff is seeking an Order that BANA be ordered not to disclose or otherwise discuss the deposition and that the deposition be stricken from the record due to the privileged nature of the material and the manner in which it was obtained.

BANA states that the motion should be denied because plaintiff failed to comply with Fed.R.Civ.P. 26(c) or Local Rule 37.1(a). Additionally, BANA argues that the motion is untimely as it was filed over three months after his deposition was taken. BANA states that Fed.R.Civ.P. 32(a)(5) states that a deposition may not be precluded unless the party seeking preclusion promptly moves for a protective order. Thus, BANA argues that this motion does not apply because plaintiff waited until after his deposition was taken to challenge it. Similarly, BANA states that plaintiff consented to the time, date and location of his deposition. BANA states that plaintiff was contacted on October 18, 2016 to determine his availability. Plaintiff indicated that he was available on October 24, 2016 and the parties agreed during the phone call that plaintiff's deposition would be taken at the Courthouse on that date. BANA states that plaintiff should not be allowed to argue that the notice was insufficient, when he agreed to the date, place and time for the deposition.

In his second motion for a protective Order, plaintiff requests that the Court order BANA's counsel to tell their client not to contact plaintiff. BANA states that the Motion should be denied because plaintiff failed to comply with Fed.R.Civ.P. 26(c) or Local Rule 37.1(a) and also because plaintiff has only made vague, general conclusory allegations and has failed to provide any evidence that he has received coercive

4

mailings from defendant.

The Court agrees and finds that there is no basis for granting plaintiff's Motions for Protective Orders. The Court finds that plaintiff failed to comply with the Local Rules regarding discovery disputes, the motions are untimely and are unsupported and make only vague general assertions of perceived improprieties. Accordingly, the Court hereby **DENIES** plaintiff's Motions for Protective Orders (Docs. 105,107).

V.	**Defendant's Motion for Summary Judgment**

A.	**Standard**

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably

drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

Western District of Missouri Local Rule 56.1 states in part:

**(b) Opposing Suggestions.**

**1.** A party opposing a motion for summary judgment must begin its opposing suggestions by admitting or controverting each separately numbered paragraph in the movant's statement of facts. If the opposing party controverts a given fact, it must properly support its denial in accordance with Fed.R.Civ.P. 56(c). Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment.

Plaintiff failed to file any response to defendant's Motion for Summary Judgment. Plaintiff does however refer to the Summary Judgment motion in his Reply Suggestions in Support of his Motion for a Protective Order (Doc. # 110, p. 6). In his reply suggestions, plaintiff states that the Court should deny the summary judgment motion "out of hand" and that defendant is continuing to refuse to cooperate with plaintiff's discovery and has refused to identify witnesses and records. Plaintiff also argues that defendant has failed to provide him with a copy of the video and audio from his deposition. However, other than these general arguments, plaintiff has failed to respond to either the specific factual statements in the motion for summary judgment or defendant's arguments about why their motion for summary judgment should be granted.

Fed.R.Civ.P. 56(d) does allow for the Court to defer ruling on summary judgment motions when facts are unavailable to the nonmovant. However, the Eighth Circuit has explained that, "[t]o obtain a Rule 56[d] continuance, the party opposing summary judgment must file an affidavit 'affirmatively demonstrating . . .how postponement of a

6

ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" Ray v. American Airlines, Inc., 609 F.3d 917, 923 (8th Cir.2010)(quoting Humphreys v. Roche Biomedical Lab, Inc., 990 F.2d 1078, 1081 (8th Cir. 1993)). See also Ballard v. Heineman, 548 F.3d 1132, 1136-37 (8th Cir. 2008)("Unless a party files an affidavit under Federal Rule of Civil Procedure 56[d] showing what facts further discovery may uncover, 'a district court generally does not abuse its discretion in granting summary judgment on the basis of the record before it.'")(quoting Nolan v. Thompson, 521 F.3d 983,986 (8th Cir. 2008)).

In the instant case, plaintiff has not provided an affidavit detailing what facts additional discovery may uncover. Rather, plaintiff has made only vague, general assertions that BANA has failed to provide him with the names of witnesses or documents or that he needs additional time to complete discovery. The Court finds that plaintiff has had more than ample time to conduct discovery. After the Court granted in part and denied in part, defendant's Motion to Dismiss, the Court entered an Amended Scheduling Order, giving the parties an extension of over four months to complete discovery. As previously discussed above, the Court finds that plaintiff has offered no explanation as to why discovery should be extended in this case. In his Motion to Extend Discovery, plaintiff states that he recently learned that the defendants had illegally accessed or had in their possession sealed court records, his medical records and his credit reports and bills. In his motion, plaintiff states that he is "seeking the Court's permission to investigate the above matters further as it will effect [sic] damage amounts Plaintiff may be entitled to and provide further support of Plaintiff's allegations of intimidation and mistreatment by Defendant and the continuance of such

7

mistreatment by Defendant." (Doc. # 98, p. 4). Plaintiff also states that he is seeking the Court's permission to "submit a subpoena to Fannie Mae to obtain the records of his payments on the note and any related documentation concerning the transfer of Plaintiff's note to Defendant."

As noted above, the Court finds that plaintiff has failed to allege with the required specificity what discovery he needs to support his claims and to refute defendant's factual assertions. Nor has plaintiff explained why he could not have requested this discovery earlier or why he waited until after the close of discovery to seek the extension. In Newkirk v. GKN Armstrong Wheels, Inc., 168 F.Supp.3d 1174 (N.D.Iowa 2016), the Court stated:

> [Plaintiff] as the party seeking a Rule 56(d) continuance, must do more than simply assert that he may discover additional facts, and must do more even that speculate about what those facts might be. . . .The reason underlying such requirements is that 'it is well settled that 'Rule 56(f) does not condone a fishing expedition' where a plaintiff merely hopes to uncover some possible evidence of [unlawful conduct]. Duffy v. Wolle, 123 F.3d 1026, 1041 (8th Cir. 1997). This is so, because " 'Rule 56[d] is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.'" Id (quoting United States v. Light, 766 F.2d 394, 397 (8th Cir. 1985)).

Id. at 1194, n.12. The Court finds that plaintiff has failed to establish with the required degree of specificity what additional facts he could potentially uncover and how these additional facts would refute the factual allegations in BANA's summary judgment motion. Accordingly, the Court will proceed to rule on BANA's summary judgment motion and because plaintiff failed to controvert the facts in the motion, the Court will deem all of the facts asserted in the statement of facts as admitted. In Rogers v. Brouk, No. 4:16-cv-1088SNLJ, 2017 WL 3333929 (E.D.Mo. Aug. 4, 2017), the Court stated:

8

> [p]laintiff's *pro se* status does not excuse him from responding to defendant's motion with specific factual support for his claims to avoid summary judgment, Beck v. Skon, 253 F.3d 330, 333 (8th Cir.2001), or from complying with local rules, see Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir.1983). However, "[t]he Eighth Circuit has determined that when a plaintiff fails to respond adequately to a motion for summary judgment, a district court should not treat such a non-response as sufficient to dispose of the motion." Lowry v. Powerscreen USB, Inc., 72 F.Supp.2d 1061, 1064 (E.D.Mo. 1999)(citing Canada v. Union Electric Co., 135 F.3d 1211, 12113 (8th Cir. 1997)). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." Id.

Id. at *2. Thus, the Court will proceed to analyze BANA's Summary Judgment Motion. The following facts are taken from BANA's Statement of Uncontroverted Facts.

### B. Statement of Facts

In 2000, plaintiff took out a loan from Countrywide Home Loans, Inc. On November 29, 2000, plaintiff executed a promissory note for $20,001 in favor of Countrywide Home Loans, Inc. The same day, plaintiff also executed a deed of trust granting a security interest in the piece of real property described as 2500 NE 57th Terrace, Gladstone, Missouri 64119. Plaintiff believed that a Countrywide eEasy Rate Reduction Plan was incorporated into his contract via the Note and the Deed of Trust. However, plaintiff admitted during his deposition that the eEasy Rate Flier was not signed by anyone. Plaintiff admitted that neither the Note nor the Deed of Trust referred to the Countywide eEasy Rate Reduction Plan.

On July 24, 2012, a class action lawsuit, Hall v. Bank of America, N.A. et al., Case No. 1:12-cv-22700 was filed in the United States District Court for the Southern District of Florida. On July 2, 2013, a corrected Second Amended Class Action Complaint was filed in the lawsuit. BANA was a named defendant in the lawsuit. A nationwide class settlement agreement was entered into between BANA and the

plaintiffs in the class action suit. On June 18, 2014, the Southern District of Florida court provisionally approved the Settlement Agreement and certified a settlement class under Fed.R.Civ.P. 23(b)(3) and on December 17, 2014, the Court entered final approval of the Settlement Agreement. On July 6, 2015, the United States Court of Appeals for the Eleventh Circuit dismissed the last remaining appeal of the Final Judgment.

>The Settlement Class certified and approved was defined as:
>
>a. All borrowers who had mortgage loans, home equity loans, or home equity lines of credit by Bank of America, N.A. or BAC Home Loans Servicing, LP, (formerly known as Countrywide Home Loans Servicing, L.P.) who were charged a premium for lender-placed hazard insurance coverage issued by Balboa Insurance Company, Meritplan Insurance Company, Newport Insurance Company, QBE Insurance Corporation, QBE Specialty Insurance Company, Praetorian Insurance Company, or one of their affiliates within the Class Period. Class Members will have the right to opt out of the Settlement Agreement consistent with the terms of Fed. R. Civ. P. 23(b)(3).
>
>b. The "Settlement Class Period" shall be from January 1, 2008 through February 3, 2014.
>
>c. Excluded from the Class are: (i) individuals who are or were during the Class Period officers, directors, or employees of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers whose [Lender-Placed Insurance] LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower; (iv) all borrowers who file a timely and proper request to be excluded from the Class; and (v) any borrowers who have settled or otherwise released any LPI claims, including but not limited to all borrowers who participated as settlement class members in *Farmer v. Bank of America, N.A. and BAC Home Loans Servicing, L.P.*, Civil No. 5:11-CV-

00935-OLG (W.D. Tex.).

(Settlement Agreement, Ex H, at pp. 14-15; Order Granting Final Approval, Ex. J, at p. 4.)

The Settlement Agreement also contained a contractual release of liability whereby the Settlement Class:

> fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged [BANA] from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the settlement class may have on or before [July 6, 2015] or may have had in the past, whether in, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the [Class Action] or that relate, concern, arise from, or pertain in any way to [BANA's] conduct, policies, or practices concerning LPI Policies placed or charged by the Bank of America Defendants during the Class Period.

(Settlement Agreement, Ex. H, at pp. 36-37; Order Granting Final Approval, Ex. J, at pp. 19-20).

As part of the Class Action Settlement, a Settlement Administrator was hired. The Administrator was charged with distributing Mail Notice, establishing a phone system, establishing a web site, publishing notice and receiving and processing claims. One of the settlement class members to whom the Administrator mailed a Notice to was John Calon. Plaintiff was sent a notice package which included a summary of the <u>Hall</u> class action settlement, instructions for completing and submitting the claim form and a class action claim form. The Claims Administrator declared that the Notice was not returned to them and they did not receive a request for exclusion from the settlement

11

class or any objection to the settlement from Mr. Calon.  Plaintiff admitted that he copied the information for his Amended Complaint from the class action lawsuit:

> Plaintiff in his amended complaint, uses essentially the same form, format and information that was used in Hall v. Bank of America, because of its identical nature to Plaintiff's predicament with regard to lender force insurance.

(Plaintiff's Reply to Court Order, Ex. N, at ¶ 6.)  Plaintiff also admits that the underlying facts of his lawsuit are identical to the facts of the Hall class action:

> What remains of Plaintiff [sic] action is identical to what happened to certain class members in Hall vs. Bank of America, which was accepted by the federal Court and later settled by Bank of America to avoid trial. The only real difference is that Plaintiff changed the Class nature and identification of the Hall class action to that of a individual's private action. Plaintiff as an individual is entitled to same protections, access and judgments of the federal court that are afforded to, the class members in Hall v Bank of America.

(Plaintiff's Reply to Court Order, Ex. N, ¶ 7).

Plaintiff admitted during his deposition that the basis for Count XI in his Amended Complaint for Breach of Contract was the Note and the eEasy Rate Flier.  He also admitted that the sole basis for Count XII of his Complaint for Breach of the Implied Covenant of Good Faith and Fair Dealing was the eEasy Rate Flier. Plaintiff also admitted that the sole basis for Count XIII – Unjust Enrichment was the eEasy Rate Flier.  In his deposition, plaintiff admitted that the basis for Count XIV of his Complaint for Breach of Contract was ¶ 4 of the Note.  Paragraph 4 of the Note states:

> I have the right to make payments of Principal at a time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so.

Plaintiff admitted in his deposition that he never made a prepayment.  Plaintiff claimed that he sent two letters to BANA which purported to inform BANA in writing that

12

he wished to make a prepayment. But, plaintiff admitted that one of the letters was never produced to defendant and was probably destroyed by viruses on his computer. Plaintiff admitted that the only writing which purported to inform BANA that he intended to make a prepayment was his September 1, 2014 letter. This letter stated:

> To Whom It May Concern;
>
> This is to notify you, that I want to pay my mortgage on October 1, 2014. This is also to notify you to apply whatever funds are in escrow to balance. So do what ever *[sic]* you got to do.
>
> Yours truly,
>
> John Calon

(Doc. # 101, Ex. O.). Plaintiff admitted during his deposition that the letter did not mention a prepayment nor indicate that he desired to pay his entire mortgage off. Under Plaintiff's Deed of Trust, funds in his escrow account must be used for:

> (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10.

(Doc. # 101,Deed of Trust, Ex. D, at ¶ 3.). Plaintiff is only entitled to a refund of his escrow funds once his loan is paid off in full:

> Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any [escrow funds] held by Lender.

(Deed of Trust, Ex. D, at ¶ 3). Plaintiff admitted that the only basis for Count XIX of his Complaint for violations of 15 U.S.C. § 1639g is the September 1, 2014 letter. Plaintiff

admitted that he purportedly requested a payoff amount from BANA by telling BANA

"Do what ever [sic] you go to do."

> Q: Nowhere in this letter does it request a payoff amount, does it?
> A. It doesn't. It says, "So do whatever you got to do."
> Q: So when you say that you requested a payoff amount, the way you made that request was by telling the bank "Do whatever you got to do"?
> A: Well, I'm assuming they're banking people and they know how to handle a payoff.
> Q: So that's a "yes" to my question –
> A: Yeah.
> Q: – that the sentence "So do whatever you" –
> A: "whatever you got to do."
> Q: – "got to do" was your request for a payoff?
> A: Right.

(J. Calon Depo., Ex. A, at 140:22 – 141:13).

**C.     Res Judicata**

BANA states that it is entitled to judgment on Counts I, II, III, IV, V, VI, VII, VIII, IX, XIV and XVII because all of these claims are based on force-placed insurance policies and are barred by the doctrine of res judicata. In Williams v. Capella University, No. 17-cv-0267 (DSD/FLN), 2017 WL 1155735 (D.Minn. Mar.7, 2017), the Court stated:

> The doctrine of *res judicata* bars repetitive suits involving the same causes of action. See e.g. C.I.R. v. Sunnen, 333 U.S. 591,597 (1948). "A court must consider three elements to determine whether res judicata will bar a party from asserting a claim: 1) whether the prior judgment was entered by a court of competent jurisdiction; 2) whether the prior decision was a final judgment on the merits; and 3) whether the same cause of action and the same parties or their privies were involved in both cases." Lundquist v. Rice Memorial Hosp., 238 F.3d 975, 977 (8th Cir. 2001).

Id. at *2. The Court in that case found that the plaintiff's claims were precluded by res judicata because the

> bulk of the factual allegations are literally identical, having been copied from the earlier complaint. The Northern District of Florida had jurisdiction over the federal discrimination claims, and those claims were dismissed with prejudice by that court. Simply put, [plaintiff] cannot relitigate claims

> that have already been considered and dismissed with prejudice in
> another federal court of competent jurisdiction. Because *res judicata* bars
> those federal claims they must be dismissed once again.

Id. Res judicata applies to judgments in federal class action lawsuits. Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 874, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984). The Court in that case stated that there is "no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation." Id.

BANA states that it is undisputed that plaintiff is a member of the Settlement Class in the Hall Class Action lawsuit. BANA also states that plaintiff admitted in his deposition that his Complaint, "uses essentially the same form, formation and information that was used in Hall v. Bank of America because of its identical nature to Plaintiff's predicament with regard to lender force placed insurance. Plaintiff goes on to state:

> What remains of Plaintiff's action is identical to what happened to certain
> class members in Hall v. Bank of America, which was accepted by the
> federal Court and later settled by Bank of America to avoid trial. The only
> real difference is that Plaintiff changed the Class nature and identification
> of the Hall class action to that of a [sic] individual's private action. Plaintiff
> as an individual is entitled to same protections, access and judgments of
> the federal court that are afforded to, the class members in Hall v. Bank of
> America.

In the instant case, it is undisputed that a final judgment was entered by a court of competent jurisdiction, the judgment was a final decision on the merits, plaintiff was a member of the Settlement Class, he received notice of his rights and he failed to opt out of the settlement. A large number of the claims that plaintiff is attempting to allege are identical to the claims in the Hall class action. Thus, the Court finds that plaintiff is

barred by the doctrine of res judicata from reasserting the claims in Counts I, II, III, IV, V, VI, and IX.

BANA is also entitled to summary judgment on the remaining counts of the Amended Complaint related to force-placed insurance, because plaintiff contractually released his claims as a result of the class action settlement. Under the terms of the Settlement Agreement, all settlement class members:

> Fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged [BANA] from any and all claims, actions, cause of action, suits, debts, sums of money, payments, obligations, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the settlement class may have on or before [July 6, 2015] or may have had in the past, whether in, arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the [Class Action] or that relate, concern, arise from, or pertain in any way to [BANA's] conduct, policies, or practices concerning Lender-placed Insurance Policies placed or charged by the Bank of America Defendants during the Class Period.

Thus, any claims that plaintiff might have had up to and through July 6, 2015 related to force-placed insurance policies were contractually released. All of plaintiff's claims regarding his force-placed insurance predate July 6, 2015. Thus, the Court finds that BANA is also entitled to summary judgment on Count VII (Violation of Mo.Rev.Stat. Chapter 407 Merchandising Practices); Count VIII (Violation of Mo.Rev.Stat. Chapter 570 Robbery, Stealing and Related Offenses) and Count XVII (Violations of 15 U.S.C. § 1638 – Transactions Other Than An Open End Credit Plan).

**D. Claims Regarding eEasy Rate Reduction**

Plaintiff's loan had a fixed interest rate of 7.625 percent. Plaintiff alleges in his Amended Complaint that he was entitled to a lower interest rate because of an eEasy Rate Flier. Plaintiff admits that Count XI (Breach of Contract), Count XII (Breach of Implied Covenant of Good Faith and Fair Dealing) and Count XIII (Unjust Enrichment) of his Amended Complaint are based on the eEasy Rate Flier. However, examination of the eEasy Rate Flier shows that it was only a marketing disclosure and does not purport to be an agreement or a contract. Plaintiff's admits that it was not signed by anyone. Additionally, neither plaintiff's Note nor Deed of Trust reference the eEasy Rate Flier. BANA notes that there is no signed document which entitles plaintiff to amend his loan's interest rate. Under the Statute of Frauds, a contractual term such as an interest rate, can only be amended via a signed writing. Mo.Rev.Stat. § 432.010.1. The statute states in part: "any contract made for the sale of lands . . . or an interest in or concerning them . . .shall be in writing and signed by the party to be charged therewith. . . .." Courts have held that promissory notes secured by real property must comply with the Statute of Frauds. Accordingly, any amendments to promissory notes must also comply. Because the eEasy Rate Reduction flier was not signed by any party, it did not amend any term of plaintiff's Promissory Note or Deed of Trust. Therefore, the Court finds that BANA is entitled to summary judgment on Counts XI, XII and XIII.

### E. Claims Based On Early Pay Off Clause

In Count XIV(Breach of Contract), plaintiff claims that his loan came with an early payoff clause and that BANA breached his mortgage contract by failing to honor the terms of the payoff clause. In Count XIX (Violations of 15 U.S.C. § 1639g – Request for Payoff Amounts of Home Loan), plaintiff alleges that BANA violated 15 U.S.C.§ 1639g,

17

by refusing to provide him with a true and accurate pay off amount for his mortgage. However, the undisputed facts establish that plaintiff did not make a prepayment to BANA nor properly request a payoff amount. Plaintiff in his deposition admits that his claims based on the failure to provide him with a payoff amount or allow him to make a prepayment are based on a letter dated September 1, 2014. The letter stated:

> To Whom It May Concern:
>
> This is to notify you, that I want to pay my mortgage on October 1st, 2014. This is also to notify you to apply whatever funds are in escrow to balance. So do what ever [sic] you got to do.
>
> Yours truly,
> John Calon
>
> (Doc. # 101, Ex. O).
>
> When he was questioned about the September 1, 2014 letter during his deposition, plaintiff stated:
>
> Q. Now, you'll agree with me that in Exhibit 6 that I just handed you –
> A. Right.
> Q. – you say, "This is to notify you, that I want to pay my mortgage on October 1, 2014," correct?
> A. Right.
> Q. You don't say that you want to make a prepayment?
> A. Okay. It should say "mortgage off."
> Q. So it should have said that you wanted to pay your mortgage off?
> A. Right.
> Q. But that's not what you actually said?
> A. No, I guess not. Okay.

(Doc. # 101, Ex. A - Plaintiff's Depo., pp. 130-131).

The September 1, 2014 letter does not mention making or wanting to make a prepayment. Plaintiff admitted during his deposition that he did not make a prepayment.

> Q. So you did not send a prepayment to Bank of America?
> A. No, because we were supposed to meet at the one up there off of Vivion Road, the Bank of America, and I was to go in there. We were supposed to settle the matter that day and then it never happened.

18

(Doc. # 101, Ex. A – Plaintiff's Depo. p. 123). Thus, the Court finds that BANA cannot be liable for failing to honor a prepayment request when plaintiff failed to make or even request a prepayment on his loan. Accordingly, the Court finds that BANA is entitled to summary judgment on Count XIV (Breach of Contract).

Under the Truth in Lending Act, "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of a borrower." 15 U.S.C. § 1639g. However, as discussed above, because plaintiff admitted during his deposition that the September 1, 2014 letter did not contain a request for a payoff amount, the Court finds that BANA is entitled to summary judgment on Count XIX (Violations of 15 U.S.C. § 1639g – Request for Payoff Amounts of Home Loan).

Accordingly, for the reasons stated above, the Court hereby **GRANTS** BANA's Motion for Summary Judgment (Doc. # 101).

## VI. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. # 98); **DENIES AS MOOT** Plaintiff's Motion to Compel (Doc. # 99); **GRANTS** Bank of America N.A. ("BANA's") Motion for Summary Judgment (Doc. # 101); and **DENIES** plaintiff's Motions for Protective Order (Docs. # 105, 107).

Date: September 18, 2017　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　United States District Judge